WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Don Chappell,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-15-00478-PHX-SPL<br><br>**ORDER** |

  Before the Court is Respondents' motion seeking an order prohibiting members of Petitioner's legal team from contacting the victims in this case and directing that any such contact be initiated through counsel for Respondents. (Doc. 12.)

  In support of their request, Respondents cite provisions of state and federal law, including A.R.S. § 13–4433(B), which provides that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office," and the Crime Victims' Rights Act (CVRA), which gives state crime victims in federal habeas cases "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Respondents contend that protections offered under § 13–4433(B) are encompassed by the CVRA.

  Petitioner opposes the motion, arguing that the provisions of § 13–4433(B) do not apply in this federal case and are not necessary to protect the rights enumerated in the CVRA. (Doc. 17.) In another capital habeas case, *Sansing v. Ryan*, No. 11-CV-1035-PHX-SRB (D. Ariz.), the court considered and rejected these arguments. The court

ordered the petitioner to obtain consent through the respondents' counsel before contacting a victim and, in the event a victim did not consent, ordered briefing on the applicability of Arizona's victims' rights laws. In denying the petitioner's motion for reconsideration of the order, the court explained that its "directive requiring Petitioner to obtain consent from Respondents' counsel to contact victims furthers the rights to dignity and privacy set forth in § 3771(a)(8). It is a reasonable limitation that does not unfairly disadvantage Petitioner." (*Id.*, Doc. 29.)

This Court agrees with the reasoning in *Sansing*. Whether or not § 13–4433(B) directly applies to these proceedings, the mechanism it establishes furthers the goal of respecting a crime victim's dignity and privacy without unduly burdening Petitioner.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Order Precluding Defense Team from Contacting Victims (Doc. 12) is **granted**. No person who is defined as a victim in this matter pursuant to Arizona law shall be contacted by anyone working with or on behalf of Petitioner or Petitioner's counsel unless the victim, through counsel for Respondents, has consented to such contact. If consent is not provided and Petitioner nonetheless believes contact is necessary, Petitioner may file a motion with the Court explaining the necessity for such contact and further addressing the applicability of Arizona's provisions governing the rights of victims.

Dated this 21st day of July, 2015.

Honorable Steven P. Logan
United States District Judge