Jon M. Sands
Federal Public Defender
District of Arizona
Lindsey Layer (VA Bar No. 79151)
Amanda C. Bass (AL Bar No. 1008H16R)
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Lindsey_Layer@fd.org
Amanda_Bass@fd.org
602.382.2816 telephone
602.889.3960 facsimile

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Don Chappell,<br><br>           Petitioner,<br>vs.<br><br>David Shinn, Director,[1]<br>Arizona Department of Corrections Rehabilitation and Reentry et al.,<br>           Respondents. | 15-CV-00478-PHX-SPL<br><br>DEATH-PENALTY CASE<br><br>Motion to Stay Ruling on Claim Nine in Federal Habeas Proceedings, or Alternatively, to Stay the Proceedings |

Petitioner Derek Don Chappell, through counsel, hereby moves the Court to stay the determination of Claim Nine of this federal habeas petition, or alternatively to stay his federal habeas proceedings, pending the Arizona Supreme Court's decision in *State v. Cruz*, No. CR-17-0567-PC (argued June 2, 2020). In Claim Nine of his federal habeas petition, Mr. Chappell alleges that the state court violated *Simmons v. South Carolina*, 512 U.S. 154 (1994), when it refused to instruct his jury that he would be parole ineligible under Arizona law if not sentenced to death. As explained below, a decision by the Arizona Supreme Court favorable to Mr.

---

[1] David Shinn, Director of the Arizona Department of Corrections, Rehabilitation & Reentry, is substituted for his predecessor, Charles L. Ryan. Fed. R. Civ. P. 25(d).

Cruz will allow Mr. Chappell to obtain *de novo* state court review of his *Simmons* claim. Under these circumstances a stay is appropriate.

## I. Introduction

The Court has pending before it Mr. Chappell's Claim Nine, which alleges that the state court violated *Simmons* when it refused to instruct his jury that he would be parole ineligible under Arizona law if not sentenced to death. (ECF No. 25 at 147–50.) Under *Simmons*, when a defendant's future dangerousness is at issue, the Due Process Clause entitles the defendant to inform the jury of his parole ineligibility. 512 U.S. at 171. In Mr. Chappell's case, the Arizona Supreme Court distinguished *Simmons*, holding the decision did not apply because Mr. Chappell was not ineligible for parole, and affirmed the trial court's decision to withhold evidence of Mr. Chappell's parole ineligibility from the jury. *State v. Chappell*, 236 P.3d 1176, 1187 (Ariz. 2010).

Subsequently, in *Lynch v. Arizona*, 136 S. Ct. 1818 (2016) (per curiam), the United States Supreme Court corrected the Arizona Supreme Court's misapplication of *Simmons*. Although the Arizona Supreme Court had repeatedly held, as it did in Mr. Chappell's case, that Arizona's capital sentencing proceedings were exempt from the due process protections set forth in *Simmons*, the Arizona Supreme Court has since recognized that *Lynch* overruled its previously binding precedents. *See State v. Escalante-Orozco*, 386 P.3d 798, 828–30 (Ariz. 2017) (vacating death sentence and remanding for new sentencing in light of *Lynch*, after recognizing that it had "repeatedly" misapplied the constitutional rule in *Simmons*).

Presently, this Court is tasked with determining whether the state court's decision denying Mr. Chappell a parole ineligibility instruction constituted an unreasonable application of *Simmons* under 28 U.S.C. § 2254(d)(1). (*See* ECF No. 25 at 147–50; ECF No. 87 at 89–93.) Respondents have urged that even in light of *Lynch*, the state court decision does not run afoul of § 2254(d). (*See* ECF No. 33 at 169 (arguing that the court's ruling involved a question of Arizona law and that

"this Court has no jurisdiction to question the Arizona court's interpretation of Arizona law").) However, as explained below, depending on the outcome of the *Cruz* case, this Court may not need to reach the § 2254(d) question, or the ultimate merits of Claim Nine of Mr. Chappell's habeas petition.

On March 31, 2020, the Arizona Supreme Court granted review in the case of *State v. Cruz*, on the issues of whether *Lynch* resulted in a significant change in Arizona law within the meaning of Rule 32.1(g) of the Arizona Rules of Criminal Procedure, and if it does, whether *Lynch* must be applied retroactively to petitioners seeking relief on collateral review. Order, *State v. Cruz*, No. CR-17-0567-PC (April 1, 2020) (Attached hereto as Exhibit 1).

Should Mr. Cruz prevail in his case, petitioners like Mr. Chappell will be able to obtain *de novo* review of their *Simmons/Lynch* claims in Rule 32.1(g) proceedings in state court.[2] It would serve the interests of comity, emphasized in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to allow state court review to proceed prior to any adjudication of Mr. Chappell's federal habeas petition. And ultimately, should Mr. Chappell obtain relief on his *Simmons/Lynch* claim under Rule 32.1(g), Claim Nine of his habeas petition and his remaining habeas claims seeking sentencing relief would become moot.

Therefore, for the reasons explained below, this Court should stay any determination of Claim Nine, or alternately exercise discretion to stay these proceedings, pending the Arizona Supreme Court's decision in *Cruz*. Should Mr. Cruz prevail, the stay should remain in effect so Mr. Chappell can pursue *de novo* consideration of his *Simmons/Lynch* claim in state court collateral review

---

[2] Mr. Chappell's *federal* constitutional claim, plead in his petition as Claim Nine, will remain intact for adjudication by this Court, should the Arizona Supreme Court decide in *Cruz* that *Lynch* did not result in a significant change in Arizona law for purposes of Rule 32.1(g).

3

1 proceedings, on a schedule established by this Court.[3]

**II. This Court has discretion to grant the requested stay.**

This Court retains the discretion to stay federal proceedings, even in cases governed by the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)).[4] *See also* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

The Supreme Court and other federal courts have recognized there are grounds to stay federal habeas proceedings, even in cases governed by the AEDPA, for reasons outside the *Rhines* context. For example, in *Ryan v. Gonzales*, the Supreme Court acknowledged that district courts retain the discretion to stay

---

[3] Prior to the Arizona Supreme Court granting the petition for review in *Cruz*, Arizona trial courts had ruled that *Lynch* did not constitute a significant change in Arizona law under Rule 32.1(g). Order, *State v. Cruz*, No. CR20031740 (Pima Cty. Super. Ct. Aug. 24, 2017); Order, *State v. Garza*, No. CR 1999-017624 (Maricopa Cty. Super. Ct. Mar. 15, 2018); Order, *State v. Newell*, No. CR2001-009124 (Maricopa Cty. Super. Ct. June 20, 2018); *State v. Boggs*, No. CR 2002-009759 (Maricopa Cty. Super. Ct. Nov. 5, 2018). Only the Arizona Supreme Court's decision in *Cruz* will determine whether Mr. Chappell has an available state court process through which to seek *de novo* review of his *Simmons/Lynch* claim under Rule 32.1(g). Thus, at the present time, at least until the Arizona Supreme Court settles the issue, it would be futile for Mr. Chappell to seek state trial court review of his *Simmons/Lynch* claim under Rule 32.1(g). It is unrealistic to expect that any Arizona trial court would rule on the issue before a decision from the state's highest court in *Cruz*.

[4] *Landis*, quoted above, was cited with approval in *Rhines.* 544 U.S. at 276.

1  proceedings and recognized that, in certain circumstances, a finite stay may be
2  appropriate to allow a petitioner to regain competency and assist in his habeas
3  proceedings. 568 U.S. 57, 74, 76–77 (2013). Courts have also stayed proceedings
4  to await relevant court decisions, especially where, as would be the case here, a stay
5  is entered pending the outcome of another case that may directly impact the pending
6  federal proceeding. *See, e.g.*, *Harris v. Allen*, 683 F. Supp. 2d 1284, 1286 (M.D.
7  Ala. 2010) (holding habeas proceedings in abeyance pending resolution of state
8  court proceedings); *United States v. Taylor*, No. CR 07-01231-PHX-DGC, 2016
9  WL 8135346, at *4 (D. Ariz. Nov. 4, 2016), report and recommendation adopted,
10 No. CR07-1231-PHX-DGC, 2017 WL 394520 (D. Ariz. Jan. 30, 2017) (granting a
11 limited stay pending the Supreme Court's decision in *Beckles v. United States*, 137
12 S. Ct. 886 (2017)); *Hatch v. United States*, No. CR 02-1016-PHX-JJT, 2016 WL
13 6155363, at *3 (D. Ariz. Sept. 30, 2016), report and recommendation adopted in
14 part, No. CR 02-01016-PHX-JJT, 2016 WL 6143047 (D. Ariz. Oct. 21, 2016)
15 (granting a stay pending the outcome in *Beckles* and noting, "Considerations of
16 judicial economy and the public interest weigh in favor of a limited stay of these
17 proceedings").
18      The AEDPA is designed "to further the principles of comity, finality, and
19 federalism" *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (quoting *Duncan v.
20 Walker*, 533 U.S. 167, 178 (2001)), as well as to promote the goals of "judicial
21 efficiency and conservation of judicial resources," *Day v. McDonough*, 547 U.S.
22 198, 205 (2006) (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).
23 Because Mr. Chappell's requested stay would achieve these goals, the stay should
24 be granted.
25      **III. A stay would promote judicial economy and comity.**
26      There are two components to the stay request. Initially, the request for a stay
27 would only apply until the Arizona Supreme Court decides the *Cruz* case. Should
28 Mr. Cruz not prevail, *i.e.*, should the court decide that *Lynch* does not apply

retroactively in state court collateral review proceedings under Rule 32.1(g), then the stay would be vacated. On the other hand, should the Arizona Supreme Court decide that *Lynch* must be applied retroactively on collateral review, then the grounds for the stay will persist. Under the latter circumstances, Mr. Chappell will be able to resort to state collateral review proceedings, under a timeline established by this Court, in order to obtain *de novo* review of his *Simmons/Lynch* claim.

Both comity and judicial economy dictate that this Court hold its review of Claim Nine in abeyance pending the state court decision. For example, until *Cruz* is decided there is no need for this Court to expend judicial resources conducting § 2254(d) review of Claim Nine in its current posture when Mr. Chappell might obtain *de novo* review of that same claim in state court. And assuming *Cruz* is decided favorably to Mr. Chappell, continuation of § 2254(d) review would not promote judicial economy since, if Mr. Chappell prevails in state court on his *Simmons/Lynch* claim, that would render these proceedings moot as to Claim Nine and his remaining sentencing claims. Even if Mr. Chappell did not prevail in renewed state court proceedings, this Court would still need to consider the *Simmons/Lynch* claim anew, in light of the subsequent state court decision. What is more, allowing these state court proceedings to ensue would promote comity by permitting state court review of Mr. Chappell's *Simmons/Lynch* claim in the first instance. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

This Court has the authority to stay a limited aspect of the case before it; here just Claim Nine. *See* Order at 11-12, *Kell v. Benzon*, No. 2:07-cv-00359-CW (D. Utah Nov. 16, 2017), ECF No. 258 (granting "a limited stay and abeyance *only* with respect to Claim 3(F) of [the] Amended Petition" (emphasis in original)); *JPMCC 2007-CIBC 19 E. Greenway, LLC v. Bataa/Kierland, LLC*, No. 2:11-bk-05850-RJH, 2013 WL 210845, at \*6 (D. Ariz. Jan. 18, 2013) (limiting a stay to just one

6

aspect of an Order). On the other hand, this Court may elect to stay the entire proceeding as such a stay would also serve judicial economy and comity.

**Conclusion**

Mr. Chappell respectfully requests that the Court grant his motion to stay, pending the Arizona Supreme Court's decision in *Cruz*. Should the decision hold that *Lynch* is a significant change in the law under Rule 32.1(g) of Arizona's Rules of Criminal Procedure and applies retroactively in state court collateral review proceedings, Mr. Chappell requests that the Court continue the stay pending the institution and resolution of state court proceedings on a schedule established by this Court.

Respectfully submitted this 16th day of July, 2020.

Jon M. Sands
Federal Public Defender
District of Arizona

s/ Lindsey Layer
Counsel for Petitioner

**Certificate of Service**

I hereby certify that on July 16, 2020, I electronically filed the foregoing Motion to Stay Ruling on Claim Nine or, Alternatively, Federal Habeas Proceedings with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Daniel Juarez
Assistant Paralegal
Capital Habeas Unit