**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Don Chappell,<br><br>Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>Respondents. | No. CV-15-00478-PHX-SPL<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Before the Court is Petitioner Derek Don Chappell's motion to stay this case, pending his second postconviction-review (PCR) case in state court. (Doc. 127.) Respondents object. (Doc. 130.) For the reasons below, the Court will deny the motion.

**I.   BACKGROUND**

In 2007, a jury convicted Chappell of the 2003 child-abuse and the 2004 first-degree murder of his fiancé's child. *State v. Chappell*, 236 P.3d 1176, 1180–81 (Ariz. 2010), *abrogation on other grounds recognized in Cruz v. Arizona*, 598 U.S. 17, 21–22 n.1 (2023). The jury sentenced him to death for the murder, *id.*, and the trial court sentenced him to 17 years in prison for the child abuse (ROA 603). The Arizona Supreme Court affirmed his convictions and sentences, and in 2011, the United States Supreme Court denied certiorari. *Chappell*, 236 P.3d at 1190; *Chappell v. Arizona*, 562 U.S. 1227 (2011). Chappell then sought PCR in state court, raising claims of ineffective assistance of trial counsel (IAC). (Doc. 42 at 7, 13–43, 45–58.) The court denied relief, and in March 2015, the Arizona Supreme Court denied review. (Doc. 70 at 10–17; Doc. 72 at 61–62.)

In February 2016, Chappell filed a petition in this Court for a writ of habeas corpus, raising two other IAC claims for the first time (the Claims).[1] (Doc. 25 at 79–84, 93–105.) He stated that these claims were procedurally defaulted, as they were not raised on initial PCR, and were barred on successive PCR. (*Id*. at 79, 93.) He argued that cause and prejudice excused the default because his PCR counsel rendered ineffective assistance by not raising them. (*Id*. at 79–84, 93–105.) He later asked to develop evidence in support of the Claims and to excuse their default. (Doc. 105 at 26–29, 35–39.) The parties finished briefing the petition in November 2016 and the evidentiary-development request in May 2017. (Docs. 33, 87, 107–08.)

In mid-December 2023, while the petition and request were pending in this Court, Chappell noticed the filing of his successive PCR in state court and thus asked this Court to stay this habeas case. (Doc. 127; Doc. 127-1 at 2–10.) Chappell sought a stay under either *Rhines v, Weber*, 544 U.S. 269 (2005), or the Court's inherent stay power, noting that he would raise the Claims on his successive PCR. (Doc 127 at 1–8.) After he filed the motion, he filed his PCR petition, raising the Claims, as well as a claim that his prior PCR counsel rendered ineffective assistance by not raising them on his initial PCR. (Doc. 130-1 at –73.) The briefing on Chappell's stay motion finished thereafter. (Docs. 130–31.)

**II.    *RHINES* DISCUSSION**

The parties disagree whether the Claims are exhausted in state court and thus whether *Rhines* applies. (Doc. 127 at 1–4; Doc. 130 at 9–12; Doc. 131 at 2–3.)

**A.    *Rhines* Stay**

Under *Rhines*, the Court may stay a habeas case that contains both exhausted and unexhausted claims while the petitioner exhausts the latter claims in state court, before returning to this Court for review of the fully exhausted petition. 544 U.S. at 271–79. A *Rhines* stay is proper only if the petitioner shows (1) "good cause" for the failure to exhaust, (2) the unexhausted claim is "potentially meritorious," and (3) the petitioner did not

---

[1] The Claims challenge the sufficiency of trial counsel's investigation and presentation of evidence. (Doc. 25 at 79–84, 93–105.)

1  "engage[] in intentionally dilatory litigation tactics." *Id.* at 277–78.

2  Because a *Rhines* stay applies solely to a petition with both exhausted and unexhausted claims, this Court must first decide whether any of the Claims are unexhausted. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009); *see also*, *e.g.*, *Bearup v. Shinn* (*Bearup I*), No. CV-16-03357-PHX-SPL, 2023 WL 1069686 (D. Ariz. Jan. 26, 2023).

A habeas claim has not been exhausted in state court if a petitioner has the right under state law to seek relief on the claim by any available procedure. 28 U.S.C. § 2254(c). But a claim *is* exhausted if (1) it has been fairly presented to the highest state court with jurisdiction to consider it or (2) no state remedy remains available to exhaust the claim. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A state remedy is not available if the state's procedural rules bar the state court from considering it, causing it to be "technically exhausted." *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (citing 28 U.S.C. § 2254(b); *Engle v. Isaac*, 456 U.S. 107, 125–26 n.28 (1982)); *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007). Hence, a *Rhines* stay should not be granted if a petition contains only claims that are actually or technically exhausted. *See*, *e.g.*, *Pritchett v. Gentry*, No. 2:17-cv-01694-JADDJA, 2022 WL 4366996, at *4 (D. Nev. Sept. 21, 2022) (noting "[t]he point of [the] stay is to allow" presentment of "unexhausted claims" in state court); *White v. Ryan*, No. CV09-2167-PHX-FJM (LOA), 2010 WL 1416054, at *12 (D. Ariz. Mar. 16, 2010).

**B.     Procedural Default and Preclusion of Successive IAC Claims**

Procedural default is "[a] corollary" to the proper-exhaustion requisite. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). The default applies when an "adequate and independent state law ground[ ]" expressly or impliedly bars a federal habeas court from considering a habeas claim's merits. *Id*. at 392; *Coleman*, 501 U.S. at 731–32 and 735 n.1 (implied bar). A claim is expressly barred where it was raised in state court, but the court found it precluded under an adequate and independent state procedural rule. *Dretke*, 541 U.S. at

392. A claim is impliedly barred where it was not raised in state court, and where an adequate and independent state procedural rule would now bar it from being raised in state court. *Id*.; *Coleman*, 501 U.S. at 731–32 and 735 n.1.

In Arizona, pursuant to Arizona Rule of Criminal Procedure 32.2(a)(3), if an IAC claim was raised on initial PCR, Arizona courts will necessarily bar all other IAC claims raised for the first time on successive PCR. *Stewart v. Smith*, 46 P.3d 1067, 1071, ¶ 12 (Ariz. 2002) (explaining that IAC "cannot be raised repeatedly" or piecemeal); *State v. Spreitz*, 39 P.3d 525, 526 (Ariz. 2002); *see also State v. Traverso*, 537 P.3d 345, 347–49, ¶¶ 9–13 (Ariz. Ct. App. 2023) (implying that *Stewart* binds Arizona courts). Chappell has not shown that this "basic rule" in Arizona, *Spreitz*, 39 P.3d at 526, is either not adequate or not independent to preclude an IAC claim on successive PCR.

### C. The Claims Are Barred From Review on the Merits in State Court

As noted above, Chappell's initial PCR raised IAC claims but did not include the Claims at issue here. The Claims, therefore, are barred on successive PCR under *Stewart*, *Spreitz*, and *Traverso*. (Doc. 42; Doc. 127 at 6; Doc. 130 at 9.) That is, the Claims are technically exhausted, and *Rhines* does not apply to them. *See*, *e.g.*, *Armstrong v. Ryan*, No. CV-15-00358-TUC-RM, 2017 WL 1152820, at *6 (D. Ariz. Mar. 28, 2017); *Lopez v. Schriro*, No. CV-98-0072-PHX-SMM, 2008 WL 2783282, at *9 (D. Ariz. July 15, 2008) ("[I]f additional [IAC claims] are raised in a successive petition, the[y] necessarily will be precluded."), *amended in part*, No. CV-98-0072-PHX-SMM, 2008 WL 4219079 (D. Ariz. Sept. 4, 2008), *and aff'd sub nom. Lopez v. Ryan*, 630 F.3d 1198 (9th Cir. 2011).

Chappell asserts that it is unclear whether the Claims are technically exhausted. (Doc. 131 at 2–5.) In deciding whether to grant a *Rhines* stay, this Court must decide if a petitioner currently has a remedy available in state court. *Armstrong*, 2017 WL 1152820, at *3 (citing *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998), *overruled on other grounds as recognized by Apelt v. Ryan*, 878 F.3d 80, 827–28 (9th Cir. 2017)). Chappell's contention that the PCR court may reach the merits of the Claims and not find them procedurally barred is speculative. The Court declines to stay this case under *Rhines*. *Cf.*

*Johnson v. Ryan*, No. 2:18cv00889-PHX-DWL, 2019 WL 1227179, at *5 (D. Ariz. Mar. 15, 2019) (denying a *Rhines* stay, based on the habeas court's evaluation of an uncritical acceptance of petitioner's assertion that some of his habeas claims is petition were unexhausted as a matter of state law based on the court's evaluation, citing *Armstrong*); *Armstrong*, 2017 WL 1152820, at *3 (rejecting argument that a stay was appropriate because it was "not absolutely clear" that a successive petition would be procedurally barred, citing *Ortiz*, 149 F.3d at 931).

Chappell argues that the Claims may be unexhausted under *Shinn v. Ramirez*, 596 U.S. 366 (2022). (Doc. 131 at 4 n.1.) In *Ramirez*, the United States Supreme Court held that in deciding a *Martinez* claim,[2] "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state post-conviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). 596 U.S. at 382. Section 2254(e)(2) applies only when there has been "a failure to develop the factual basis of a claim" due to "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 383 (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). A petitioner bears "'responsibility' for all attorney errors during [PCR] proceedings," including "counsel's negligent failure to develop the state postconviction record." *Id.* (quoting *Williams*, 529 U.S. at 432). In a case where postconviction counsel negligently failed to develop the postconviction record, a federal habeas court cannot order an evidentiary hearing or otherwise expand the state-court record *unless* the petitioner satisfies § 2254(e)(2).[3] *Id.*

---

[2] *Martinez v. Ryan*, 566 U.S. 1 (2012) (holding that ineffective assistance of PCR counsel may constitute cause to excuse the procedural default of an IAC habeas claim in federal court).

[3] Under § 2254(e)(2), if the petitioner has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless "(1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty."

*Ramirez* has no effect on state postconviction preclusion rules, nor does it render Chappell's Claims "unexhausted rather than technically exhausted." *See*, *e.g.*, *Ellison v. Thornell*, No. CV-16-08303-PCT-DWL, 2023 WL 4847599, at \*6 (D. Ariz. July 28, 2023). *Ramirez* addressed only "whether the equitable rule announced in *Martinez* permits a federal court to dispense with § 2254(e)(2)'s narrow limits because a prisoner's state postconviction counsel negligently failed to develop the state-court record." 596 U.S. at 371. The Court held that it does not. *Id.* at 381. In short, *Ramirez* does not render the Claims unexhausted.

Chappell cites orders granting *Rhines* stays "to permit petitioners to comply with *Ramirez*'s . . . mandate [presumably to develop the state-court record] by presenting unexhausted IAC claims to the state courts." (Doc. 127 at 6 n.2, citing *Clabourne v. Thornell*, No. 23-99000 (9th Cir. Nov. 15, 2023); *Pandeli v. Shinn*, No. CV-17-01657-PHX-JJT, 2022 WL 16855196 (D. Ariz. Nov. 10, 2022); *Guevara-Pontifes v. Baker*, No. 3:20-cv-00652-ART-CSD, 2022 WL 4448259 (D. Nev. Sept. 23, 2022); *Hairston v. Sorber*, No. 2:22-cv-00234-MJH (W.D. Pa. Sept. 14, 2022) (Docs. 20 and 22); *Moncada v. Perry*, No. 3:19-cv-00231-MMD-CLB, 2022 WL 3636467, at \*2–5 (D. Nev. Aug. 23, 2022); *Derrick v. Secretary*, No. 8:08-cv-01335-TPB-SPF (M.D. Fl. Aug. 19, 2022) (Docs. 122 and 127); *Ali v. Oliver*, No. 2:19-cv-04339, 2022 WL 2911700, at \*3–4 (E.D. Pa. July 22, 2022); *Hunter v. Baca*, No. 3:18-cv-00166-HDM-CLB (D. Nev. July 12, 2022) (Doc. 54); *Ortiz v. Cain*, No. 2:12-cv-02310-JTM-KWR (E.D. La. July 7, 2022) (Docs. 162–63).) But those orders differ from this case.

In many of the above cases, respondents did not dispute that the claims at issue were unexhausted. *See Clabourne, supra.*; *Pandeli*, 2022 WL 16855196, at \*3; *Ali*, 2022 WL 2911700, at \*3–4; *Hunter*, *supra.*; *Ortiz*, *supra.* The rest of the orders Chappell cites found the IAC claims unexhausted on successive PCR based upon the alleged ineffective assistance of prior PCR counsel on the initial PCR. *See Guevara-Pontifes*, 2022 WL 4448259, at \*3–5; *Hairston*, *supra.*; *Moncada*, 2022 WL 3636467, at \*2–5; *Derrick*, *supra.* But in Arizona, the alleged ineffective assistance of PCR counsel is not cognizable on

successive PCR for non-pleading defendants—such as Chappell—because such defendants "have no constitutional right to counsel" on successive PCR. *State v. Escareno-Meraz*, 307 P.3d 1013, 1014, ¶ 4 (Ariz. Ct. App. 2013) (citing cases); *see State v. Petty*, 238 P.3d 637, 641, ¶ 11 (Ariz. Ct. App. 2010) (noting that only a pleading defendant may file a successive notice requesting PCR based on claims of ineffective assistance of prior PCR counsel).

Chappell implies that the state court considering his successive PCR might rule on the merits of the Claims, under *Martinez*, 566 U.S. 1, without applying Arizona's procedural bar. (Doc. 127 at 5–6; Doc. 131 at 4 n.1.) This argument fails. In *Martinez*, the United States Supreme Court held that the ineffective assistance of PCR counsel may constitute cause to excuse a procedural default of an IAC claim. 566 U.S. at 17; *Trevino v. Thaler,* 569 U.S. 413, 423 (2013).

But *Martinez* does not alter Arizona's preclusion rule as to IAC claims raised on successive PCR. *Morris v. Thornell*, No. CV-17-00926-PHX-DGC, 2023 WL 4237334, at *10 (D. Ariz. June 28, 2023) (citing *State v. Escareno-Meraz*, 307 P.3d 1013, 1014 (Ariz. Ct. App. 2013), holding that "*Martinez* does not alter established Arizona law"); *see also State v. Evans*, 506 P.3d 819, 826–27, ¶¶ 23–25 (Ariz. Ct. App. 2022) (holding that neither *Martinez* nor Rule 32 permits merit-review of precluded PCR claims in state court based on the alleged ineffective assistance of PCR counsel). Thus, the alleged ineffective assistance of PCR counsel is not cognizable on Chappell's successive PCR. *See Escareno-Meraz*, 307 P.3d at 1014, ¶ 4; *see also Petty*, 238 P.3d at 641, ¶ 11. *Martinez* concerns whether a federal habeas court may excuse a procedurally-defaulted claim and reach the merits—not whether a state court may remove a procedural bar and decide a claim on the merits. *See Evans*, 506 P.3d at 826–27, ¶¶ 23–25. *Martinez*, in sum, does not render the Claims unexhausted.

For the reasons discussed, this Court will deny a *Rhines* stay.

III. **DISCUSSION ON THE COURT'S INHERENT STAY POWER**

A federal court "has discretionary power" to stay a case before it. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1936)); *see Landis*, 229 U.S. at 254 (explaining the power "is incidental" to the court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

In assessing whether to exercise its inherent discretionary power to stay a case, a federal court must weigh "the competing interests," such as the "possible damage" that could result from a stay, "the hardship or inequity" on a party in having "to go forward," and the simplification or complication of "issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see Lockyer*, 398 F.3d at 1110–11 (A stay may be suitable when the resolution of issues in a related case will help resolve the stated case.); *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979) (The Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties" to stay a case pending the end of "independent proceedings" that will affect the case.). The proponent has the burden to show the propriety of stay. *Clinton v. Jones*, 520 U.S. 681, 709 (1997) (citing *Landis*, 299 U.S. at 255).

An indefinite stay "should not be granted under normal circumstances." *Synergy Greentech Corp. v. Magna Force, Inc.*, No. C12-5543 BHS, 2013 WL 1499065, at *2 (W.D. Wash. Apr. 10, 2013) (citing *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). "Generally, stays should not be indefinite in nature." *Dependable Highway Express, Inc.*, 498 F.3d at 1066. "[A] greater showing" is necessary to justify an indefinite or lengthy stay. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Chappell seeks an indefinite, or at least an indeterminate, stay, in light of the unknown end to his successive PCR. Therefore, he must make a greater showing in support of a discretionary stay. *See Bearup v. Shinn* (*Bearup II*), No. CV-16-03357-PHX-SPL, 2022 WL 17741055, at *2 (D. Ariz. Dec. 16, 2022) (applying this higher burden because the requested stay pending a Ninth Circuit decision was indefinite); *see also Jellinek v. Advance Prods. & Sys., Inc.*, No. 3:11-CV-02954-H (DHB), 2013 WL 692969, at *2 (S.D.

Cal. Feb 26, 2013) (describing a stay pending the end of a "related state action" as indefinite).

Chappell has not shown the need for a stay—let alone an indefinite one. He asserts that a stay "would promote judicial economy by" averting parallel cases in state and federal court, where each case has the same parties and where a merits-ruling on the Claims in state court would "affect the claims, arguments, and issues raised" in this Court. (Doc. 127 at 4–5.) He argues that a ruling on the merits of the Claims by the PCR court would require this Court to address the Claims on the merits under 28 U.S.C. § 2254(d).[4] (*Id*. at 4.) He adds that a merits-ruling granting relief would moot at least some of his habeas claims. (*Id*. at 4–5.)

But Chappell's contention that the PCR court might rule on the merits of the Claims is, at best, speculative. As discussed, an adequate and independent state procedural bar prevents the PCR court from reaching the merits in a successive PCR. (*See* Section II(C), *supra*.). *See Dretke*, 541 U.S. at 392; *Coleman*, 501 U.S. at 731–32 and 735 n.1. The Court declines to grant a discretionary stay based on speculation that the PCR court will reach the Claims' merits. Chappell does not identify reasons why the PCR court would reach the merits of the Claims, when doing so would intend to undercut the adequacy of that rule by doing so. Accordingly, the Court will deny Chappell's request for an indefinite discretionary stay of this case. *Compare Bearup II*, 2022 WL 17741055, at *2 (denying indefinite stay of habeas case pending a Ninth Circuit case irrelevant to the habeas case), *and Jellinek*, 2013 WL 692969, at *2 (denying indefinite stay when it is "unclear whether the outcome of [the related state case] will have a dispositive effect on the resolution of the action before [the district court]"), *with Alve v. Scribner*, No. 08-CV-0162 W(LSP), 2008 WL 4192291, *1 (S.D. Cal. Sept. 10, 2008) (noting that "[s]taying cases . . . on the forefront

---

[4] Under AEDPA, the Court may grant a writ of habeas corpus, on a claim adjudicated on the merits in state court, only if the adjudication produced a decision that (1) contradicts or unreasonably applies "clearly established federal law," as determined by the United States Supreme Court or (2) unreasonably determines the pertinent facts "in light of the evidence presented in" state court. 28 U.S.C. § 2254(d).

of an issue provides a necessary delay, allowing for resolution of the issues and resulting in uniform treatment of like suits").

To hold otherwise would needlessly delay this case indefinitely and would permit an indefinite stay based on speculation. Because a stay is unjustified under this Court's inherent stay power and under *Rhines*,

**IT IS ORDERED denying** Chappell's Motion for Temporary Stay (Doc. 127).

Dated this 2nd day of February, 2024.

Honorable Steven P. Logan
United States District Judge